H. Hamburger Company, Inc. v. Commissioner.
H. Hamburger Co., Inc. v. Commissioner
Docket No. 19840.
United States Tax Court
1949 Tax Ct. Memo LEXIS 90; 8 T.C.M. (CCH) 780; T.C.M. (RIA) 49213; August 30, 1949
*90 Bernard Weiss, Esq., 136 E. 57th St., New York 22, N. Y., for the petitioner. John J. Madden, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies of $717.44 and $14,524.01 in declared value excess-profits tax and excess profits tax of the petitioner for 1943. The only issue for decision is whether the Commissioner erred in disallowing a claimed deduction of $15,311.65 representing payments to unpaid creditors of a predecessor corporation. Findings of Fact The petitioner is a New York corporation which filed its return for 1943 with the collector of internal revenue for the third district of New York. The petitioner was incorporated in 1934 and since then has been engaged in the business of mounting and selling diamonds at wholesale. Herman Hamburger is its president and sole stockholder. He had previously been president and sole stockholder of Kionka and Hamburger, Inc., a corporation engaged in the same kind of business, when that corporation was forced by poor business to cease operations in 1931. It settled with its credtors for 70 per cent of the amounts which it owed. The petitioner was *91 having difficulty in obtaining diamonds at the lowest prices in 1942. Its credit rating with the Jewelers Board of Trade, which rates the credit of dealers for the trade, was not first class and many importers who sold at lowest prices would not deal with any except those having a first class rating. Hamburger was told that if he would have the petitioner pay in full those creditors of Kionka and Hamburger, Inc. with which it was dealing or desired to deal, its credit rating would be changed to first class and more diamonds at lower costs would be made available by those dealers and others. The petitioner paid $15,311.65 on July 16, 1943 to 12 former creditors of Kionka and Hamburger, Inc., representing the 30 per cent of their accounts which had not been paid in the 1931 settlement. The petitioner selected those with which it was doing business. There were other creditors of Kionka and Hamburger, Inc. which were not paid anything by the petitioner. The petitioner received a first class credit rating by the Jewelers Board of Trade as a result of the payment and was thereafter able to make more favorable purchases both from old and from new sources. The petitioner deducted the *92 $15,311.65 on its return for 1943. The Commissioner disallowed the deduction with the explanation that the amount was a capital expenditure no portion of which was deductible for 1943. Opinion MURDOCK, Judge: This case is similar to and not distinguishable from (June 22, 1949), in which one corporation, in order to improve its credit rating, paid the remaining 55 per cent of some of the debt of another. This Court there held: "But even if there were no binding commitments, petitioner's standing in the business community, its relationship to the jewelry trade generally, and its credit rating in particular, characterized the payments as calculated to protect and promote petitioner's business and as a natural and reasonable cost of its operation. . As such they are deductible in any event as ordinary and necessary business expense. ; ." Decision will be entered under Rule 50.